IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| MARK CEDRIC BASS, #279 120, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO.: 3:12-CV-979-WHA |
| | ) | [WO] |
| GARY HETZEL, WARDEN, *et al*., | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Petitioner Mark Bass on November 1, 2012.[1]  In this petition, Petitioner challenges his conviction for first degree rape entered against him by the Circuit Court for Russell County, Alabama, on May 4, 2011.  The trial court sentenced Petitioner on June 24, 2011, to life imprisonment.  *Doc. No. 1.*

Petitioner filed a direct appeal of his conviction and sentence.  Counsel appointed on appeal filed an *Anders* brief[2]  and a motion to withdraw. *Doc. No. 8, Exh. C.* On January 5, 2012, the Alabama Court of Criminal Appeals granted Petitioner an opportunity to file  *pro se* issues for the court's consideration. In his *pro se* brief  Petitioner argued that  the expert, who testified

---

[1]   Although the present petition was stamped "filed" in this court on November 5, 2012, the petition was signed by Petitioner on November 1, 2012.  A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th  Cir. 1993).  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Bass] signed it . . ."  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  In light of the foregoing, the court considers November 1, 2012 as the date of filing.

[2]  *Anders v. California*, 386 U.S. 738 (1967).

on the DNA evidence, was not proffered or accepted as an expert witness, and that trial counsel was ineffective for failing to object to the testimony of the DNA expert on this basis. *Id. at Exh. D.* On January 27, 2012, the Alabama Court of Criminal Appeals affirmed Petitioner's conviction. *Id. Exh. E.* Petitioner did not seek further review of his conviction and sentence, and the appellate court issued a certificate of judgment on February 15, 2012. *Id. at Exh. A.*

On April 10, 2012, Petitioner filed a *pro se* Rule 32 petition with the trial court. He argued that the State's DNA expert had not been qualified properly to testify as an expert where she gave an opinion regarding the lack of DNA evidence which could also have pointed to Petitioner's evidence and that trial counsel was ineffective for failing to challenge the admissibility of the DNA evidence on this basis and for failing to challenge the qualifications of the State's witness as a DNA expert. The trial court denied Petitioner's Rule 32 petition finding Petitioner's claim was precluded because it had been "raised on appeal and address by the Alabama Court of Criminal Appeals." *Doc. No. 8, Exh. G* at 20.

Petitioner appealed the trial court's denial of his Rule 32 petition. He argued that the trial court erred in denying his post-conviction petition regarding the claim he presented for review therein. *Doc. No. 8, Exhs. H, I.* On August 10, 2012, the Alabama Court of Criminal Appeals issued an unpublished opinion affirming the lower court's judgment. The appellate court determined:

> . . . In April 2012, [Petitioner] filed the instant petition for post-conviction relief pursuant to Rule 32, Ala. R. Crim. P., his first. (C. 7.) In his petition, [Petitioner] argued that "the Constitution of·the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief" because, he says, he received ineffective assistance of counsel. (C. 8.) Specifically, [Petitoiner] alleged that it was ineffective "for trial counsel to agree for the [State's DNA expert from the Department of Forensic Science] to testify to the files of another [and] further allow the witness to render expert opinion, without providing any qualification to render the testimony." (C. 9.)

. . .

In his brief on appeal, [Petitioner] characterizes the issue he raised in his petition as follows:

> "'Whether the State's DNA expert was properly qualified to testify as an expert, where she rendered an opinion on the lack of DNA evidence which could have also pointed to the innocence of [Petitioner], but was made to circumvent that the crime occurred?'"

[(Petitioner's brief, p. 7.) ]This Court's unpublished memorandum addressing [Petitioner's] direct appeal reflects the following:

> "[Petitioner's] attorney has filed a brief in substantial compliance with <u>Anders v. California</u>, 386 U.S. 738 (1967), stating that he has searched the record and found no issue that would be viable on appeal. <u>[Petitioner] has put forth one issue for appeal, alleging that his counsel was ineffective for failing to object to fact that the expert, who testified as to the DNA evidence, was not proffered or accepted as an expert witness</u>. However, the record indicates that the witness testified that he worked for the Alabama Department of Forensic Sciences in the forensic biology section. He testified that "[s]pecifically, I'm a DNA analyst. What that means is I analyze stains of different natures: blood stains, semen, saliva, et cetera, to obtain DNA profiles." (R. 126.) Although counsel did not object to the failure to qualify and [accept] the witness as an expert, [Petitioner] has failed to show that, but for this failure, the result would have been different. <u>Strickland v. Wasington</u>, 466 U.S. 668 (1984).

[Petitioner], mem. op. at 2 (emphasis added). We agree with the circuit court that "[Petitioner's] claim[] [was] raised on appeal and addressed by [this Court]." (C. 20.) Likewise, we agree that the claim is precluded under Rule 32.2 (a) (4), Ala. R. Crim. P., and, in light of the fact that this claim was the sole issue raise by [Petitioner] in his petition, [Petitioner's] petition was properly dismissed.

Accordingly, the circuit court exercised sound discretion and is due to be affirmed.

*Doc. No. 8, Exh. J* at 2-4.

Petitioner filed an application for rehearing which the Court of Criminal Appeals denied overruled on August 24, 2012. The Alabama Supreme Court denied Petitioner's petition for writ

of certiorari on October 12, 2015, and issued a certificate of judgment on October 15, 2012. *Doc. No. 8, Exhs. F, K, L.*

In the instant application for habeas corpus relief Petitioner claims that trial counsel performed deficiently by failing to challenge "whether the State's DNA expert was properly qualified to testify as an expert, where she rendered an opinion on the lack of DNA evidence which could have also pointed to the innocence of the Petitioner, but was made to circumvent that the crime occurred?" *Doc. No. 1; Doc. No. 10* at 1.

Respondents argue that Petitioner's habeas petition is due to be denied because his claim for relief is procedurally defaulted as he failed to present his claim to the state courts in accordance with the state's procedural rules. *Doc. No. 8.* Specifically, Respondents assert that Petitioner failed to properly exhaust his claim by requesting a rehearing in the Alabama Court of Criminal Appeals after that court affirmed his conviction on direct appeal and then by petitioning the Alabama Supreme Court for a writ of certiorari. *Id.* at 8. Respondents further indicate that Petitioner raised the same claim in his Rule 32 petition as he presented on direct appeal, and the Alabama Court of Criminal Appeals determined that the claim was precluded from review under state law because it has been raised and addressed on direct appeal. *Id.* at 8-9.

Because any attempt by Petitioner now to exhaust his unexhausted claim in state court would be futile, Respondents maintain that Petitioner's claim is procedurally defaulted. *Id.* Petitioner took advantage of the opportunity granted to respond to Respondents' answer. *Doc. No. 10.* After reviewing the § 2254 petition, Respondents' answer, and Petitioner's response, the court concludes that no evidentiary hearing is required, and that the petition is due to be denied under Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts.*

4

## II. DISCUSSION

As explained, Respondents assert that Petitioner has procedurally defaulted the claim presented in his habeas corpus petition. The record reflects that Petitioner presented the claim contained in his federal habeas petition on direct appeal of his conviction. The Alabama Court of Criminal Appeals affirmed Petitioner's conviction.  Petitioner, however, failed to request a rehearing in the Alabama Court of Criminal Appeal nor did he petition the Alabama Supreme Court for a writ of certiorari. Petitioner presented his ineffective assistance of counsel claim in his Rule 32 petition.  On appeal, the Alabama Court of Criminal Appeals concluded that the trial court had properly dismissed Petitioner's post-conviction petition and agreed with the trial court's determination that Petitioner's claim has been raised and addressed on direct appeal and the claim was, thus, precluded under Rule 32.2(a)(4), Ala.R.Crim.P.  The record establishes that Petitioner failed to properly exhaust his claim in the state courts.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including review by the state's court of last resort, even if review in that court is discretionary.); *Smith v. Jones*, 256 F.3d 1135, 1140 (11th Cir. 2001) ("Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the *Boerckel* rule.").

Because any future attempts at exhaustion in the state courts would be futile under state law as Petitioner has no avenue remaining to pursue his claim in state court, Petitioner's claim is procedurally defaulted.  "It is well established that when a petitioner has failed to exhaust his claim by failing to fairly present it to the state courts and the state court remedy is no longer available, the failure . . . constitutes a procedural bar."  *McNair v. Campbell*, 416 F.3d 1291,

1305 (11th Cir. 2005).  *See Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003) (when a petitioner fails to properly exhaust claims in state court and is barred from raising claims in state court by applicable procedural rules, such claims are procedurally defaulted); *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) ("[W]hen it is obvious that the unexhausted claims would be procedurally barred in state court due to a state-law procedural default, [federal courts must] . . . treat those claims now barred by state law as [procedurally defaulted with] no basis for federal habeas relief.").

This court may reach the merits of Petitioner's procedurally defaulted claim "only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both 'cause' for the default and actual 'prejudice' resulting from the default.  *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.] Sykes*, 433 U.S. [72,] 87 [(1977) ] . . .  Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray*, 477 U.S. at 495-96.  A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *Id.*"  *Henderson*, 353 F.3d at 892.

*A.  Cause and Prejudice*

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court."  *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir.1999).  To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different.  *Id.*; *Crawford v. Head*, 311 F.3d 1288, 1327-28 (11th Cir.2002).

*Henderson*, 353 F.3d at 892.

"For cause to exist, an external impediment, whether it be governmental interference or the reasonable availability of the factual basis for the claim, must have prevented petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497 (1991).  Petitioner's contention that he sufficiently pled his ineffective assistance of trial counsel claim in his Rule 32 petition (*Doc. No. 10* at 3) fails to demonstrate cause for the default of his ineffective assistance of trial counsel claim which occurred on direct appeal of his conviction. Petitioner has not shown that some external impediment prevented him from requesting a rehearing of the Alabama Court of Criminal Appeals' decision affirming his conviction and from thereafter petitioning the Alabama Supreme Court for a writ of certiorari. Consequently, Petitioner has failed to overcome the procedural default of his federal habeas claim nor has he shown the existence of actual prejudice emanating from infringement of federal law.  This court may still reach the merits of Petitioner's procedurally defaulted claim to prevent a fundamental miscarriage of justice.

### B.  Fundamental Miscarriage of Justice

A federal court may grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice.  *Murray v. Carrier*, 477 U.S. 478, 495-96 (1986).  A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent.  *See Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

The miscarriage of justice standard is directly linked to innocence.  *Schlup v. Delo*, 513 U.S. 298, 321 (1995).  Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are

defaulted.  *Id*. at 315.  This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray*, 477 U.S. at 496; *Schlup v. Delo, supra*.  "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.'  *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)."  *Bousley  v. United States*, 523 U.S. 614, 623 (1998).  The standard exacted by *Schlup* "is demanding and permits review only in the '"extraordinary"' case."  *House v. Bell*, 547 U.S. 518, 538 (2006).  Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of defaulted claims."  547 U.S. at 537.  "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.  *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)."  *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence.").  *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . .  To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful."  513 U.S. at 324.

In this case, Petitioner presents no evidence nor suggests that any exists which could satisfy the difficult standard in *Schlup*.  Petitioner's procedurally defaulted claim is, therefore, foreclosed from federal habeas review.

## III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Petitioner Mark Bass be DENIED and DISMISSED with prejudice.

The Clerk of the Court is DIRECTED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties. The parties may file any objections to this Recommendation **on or before November 10, 2015**. Any objections filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which the parties object. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 22nd day of October 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE